**Kerry D. STOVER, Appellant–Respondent,**

v.

**Marilyn S. STOVER, Appellee–Petitioner.**

**No. 05A02–9404–CV–204.**

Court of Appeals of Indiana, Second District.

Jan. 19, 1995.

James S. Forcum, Forcum and Forbes, Hartford City, for appellant.

Robert O. Beymer, Hartford City, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Kerry D. Stover appeals from a modification of the marriage dissolution decree between himself and appellee-petitioner Marilyn S. Stover.

Kerry and Marilyn were married in 1973 and divorced in 1977. The trial court awarded custody of their minor child, Nicole, to Marilyn and ordered that Kerry pay support for his daughter's care. At various times by agreement, the parties increased the amount owed by Kerry for Nicole's support. Commencing in March 1991, the trial court increased Kerry's support obligation to $80.00

a week. In June 1993 a dispute arose when Marilyn sought modification of the support order to require Kerry's assistance in the payment of Nicole's college expenses.

The trial court reviewed the evidence and found Kerry's and Marilyn's weekly gross income to be $934.74 and $309.27 respectively. Relying on these figures, the trial court found Kerry earns 75% and Marilyn earns 25% of the parties' total gross income. The evidence also placed the cost of Nicole's tuition to Ball State University at $2,656.00, books at $600.00, and room and board at $3,376.00. The trial court did not include extracurricular and personal expenses within its definition of "college expenses." The trial court found that both parties are responsible for Nicole's college expenses. The trial court further found Nicole also contributes to her educational expenses by receiving $3,769.00 in scholarship grants and by working part-time to pay for her transportation and some clothing expenses. Based on the above amounts, the trial court determined outstanding college expenses to be $2,863.00. Accordingly, the trial court ordered Kerry to pay $3,000.00 [1] towards Nicole's college expenses in addition to his continuing to pay $80.00 per week for her support.

On appeal, Kerry does not dispute that he is required to support his daughter and contribute to her college expenses. However, he contends the trial court erred in its apportionment of these expenses and its duplicative requirement that he also continue to pay $80.00 a week for her support even during the time she is away at school.

■■ Duplicative support and college expense orders should be avoided. *Carr v. Carr* (1992), Ind., 600 N.E.2d 943, 946. Although precise parity is not necessary in the apportionment of college expenses, rough proportionality is required. *Id.* In its order, the trial court properly recognized the duty of both parents to contribute to Nicole's college expenses. The trial court also properly took into consideration Nicole's work efforts and her receipt of scholarship grants. *See id.* Notwithstanding these findings, howev-

1. The award for college expenses provides that Kerry is responsible for any increases in the amount charged for tuition, room, and board while Nicole attends Ball State University.

er, and without a finding that proportional payment would be unfair, the trial court improperly ignored the above principles and findings and apportioned in excess of 100% of Nicole's total college expenses to Kerry. Also, the trial court improperly required Kerry to continue to pay $80.00 per week in child support, in addition to all of Nicole's college expenses, without making a partial or full abatement of his support obligation during the time Nicole is away at school. *See Fiste v. Fiste* (1994), Ind.App., 627 N.E.2d 1368, 1371 (cause remanded to trial court to determine amount of abatement for child support during time in which child is away at college); *In re Marriage of Tearman* (1993), Ind.App., 617 N.E.2d 974, 977 (obvious duplication of child's food expense occurred where educational expenses included "room and board" and thus trial court erred by failing to order appropriate abatement in father's child support obligation during time child is away at school); *Reeves v. Reeves* (1992), Ind.App., 584 N.E.2d 589, 592–93 (failure to address issue of full or partial abatement of child support obligation during child's on-campus residence where trial court specifically included "board" within educational expenses was error).

The decision of the trial court is reversed, and this cause remanded for reconsideration of the apportionment of Nicole's college expenses and Kerry's child support obligation consistent with this opinion.[2]

Reversed and remanded.

STATON and DARDEN, JJ., concur.

---

**2.** This opinion does not affect educational and child support obligations pursuant to either previous court-ordered dissolution decrees or the parties' own agreed stipulations on these issues.