In re the MARRIAGE OF Steven Earl TEARMAN, Appellant–Petitioner,

and

Kathleen Louise Tearman, Appellee–Respondent.

No. 32A04–9301–CV–30.

Court of Appeals of Indiana, Third District.

July 28, 1993.

Sheila M. Flynn, Treacy Grossman & Sullivan, Indianapolis, for appellant-petitioner.

Robert W. Freese, Elmendorf, Meyer, & Freese, Brownsburg, for appellee-respondent.

STATON, Judge.

Steven Tearman appeals the denial of his petition for an order of emancipation, modification of child support, and termination of income withholding, and the trial court's award of attorney fees. He presents four issues for our review which we reorder and restate as follows:

 I. Whether the trial court erred in failing to find the parties' son to be emancipated.

 II. Whether the trial court erred in denying Steven's request to abate his child support obligation while the parties' daughter is away at college.

 III. Whether the trial court erred in denying Steven's request to terminate an income withholding order.

 IV. Whether the trial court erred in awarding attorney fees.

We remand for a determination as to partial or full abatement of the basic child support order during Dana's on-campus college attendance, and affirm the trial court's order in all other respects.

The marriage of Steven and Kathleen Tearman was dissolved on February 10, 1981. Kathleen was awarded custody of the parties' two children and Steven was ordered to pay child support. On June 11, 1992, Steven petitioned for a support modification order declaring that the parties' son, Brian, was emancipated and that his support payments be abated while their daughter, Dana, was away at college.

The trial court made the following pertinent findings of fact and conclusions of law *sua sponte:*

 \* \* \* \* \* \*

3. Brian is now 20 years of age, has graduated from high school, lives with his mother and sister, works part-time for S & K Enterprises earning $5.25 per hour for approximately 20 hours per week, and does not attend college or trade school.

4. Dana is a junior at Avon High School and lives with her mother and brother.

5. Father is employed at Allison Transmission and earns $17.53 per hour. He states that his overtime has been cut and he now earns $701.00 per week gross income. His 1991 W–2 form indicates he earned $39,525.23, or $760.00 gross income per week.

6. Mother is employed by AHM Graves earning $500.00 per week gross income. She also earns some extra money by baking and decorating cakes. This amounts to less than $3.00 per week.

\* \* \* \* \* \*

8. The Court finds that, with the exception of food, the household expenses incurred by the mother while Dana is attending post secondary school will remain fixed.

\* \* \* \* \* \*

### CONCLUSIONS OF LAW

4. In the present case, the Court concludes that Brian is at least 18 years of age and has not attended a secondary or post secondary school for the prior 4 months and is not enrolled in such a school. However, the Court concludes that Brian is not capable of supporting himself through employment and that his support should not be terminated until his [sic] reaches 21 years of age.

5. ... No reduction for child support should occur when Dana is attending post secondary schooling....

6. Father should pay mother's attorney fees for defending the motion for emancipation and modification.

7. The Court concludes that the income withholding order should remain in effect and be modified to be consistent with this order.

\* \* \* \* \* \*

Record, p. 28–29.

■ When a party has requested specific findings of fact and conclusions of law under Ind.Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Van-derburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions of law entered on the findings. *DeHaan v. De-Haan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

■ This same standard of review applies when the trial court gratuitously enters specific findings of fact and conclusions of law, with one notable exception. When the trial court enters such findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis* (1991), Ind.App., 575 N.E.2d 650, 652. We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

### I.

#### Emancipation

■ First, Steven argues the trial court erred when it found that Steven's obligation to pay child support for Brian had not ceased. IND.CODE 31–1–11.5–12(d)(3) (Supp.1992) provides that

The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless ... the child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or post-secondary school for the prior four (4)

months and is not enrolled in such a school; and

(C) is or is capable of supporting himself though employment....

The parent seeking termination of child support based on a theory of emancipation bears the burden of proving that the child can sustain himself completely through employment. *Brancheau v. Weddle* (1990), Ind.App., 555 N.E.2d 1315, 1318.

■ Steven challenges the trial court's conclusion that Brian is not capable of supporting himself. The record reveals that Brian was earning a weekly salary of $105.00 at the time of trial. Brian had attempted to obtain full-time employment but had been unable to find a position in which he could earn as much as he could collect in unemployment benefits. Too, Kathleen testified that, although Brian wants to move out of her home, he could not afford to do so.

Steven maintains that Kathleen's testimony that she thought Brian was capable of supporting himself, precludes the result reached by the trial court. Kathleen's supposed "concession" that Brian was capable of supporting himself occurred during the following cross examination:

Q: Now would you agree that there is nothing wrong with Brian that would physically or emotionally or mentally impair his capability to work full-time?

A: No.

Q: And would you agree that he, in fact, is capable to work full-time and support himself?

A: I don't know that. If he could find a job where he could make enough, yes, then he could.

Q: So you would agree he was capable—

A: He's capable.

Record, p. 142. From this testimony, the trial court could have concluded that Brian is physically capable of supporting himself, but is not financially able to do so. Steven is, in effect, asking us to reweigh the evidence. This we will not do. As there is some evidence in the record from which the trial court could infer that Brian was not capable of supporting himself, the trial court's conclusion was not clearly erroneous.

## II.

### *Abatement of Support*

■ Next, Steven contends he is entitled to an abatement of his child support obligation for Dana while she is away at college. The modification of a child support order is within the discretion of the trial court, and we review only for abuse of that discretion. *McCallister v. McCallister* (1986), Ind.App., 488 N.E.2d 1147, 1152.

In *Reeves v. Reeves* (1992), Ind.App., 584 N.E.2d 589, *trans. denied,* this court held that the trial court must address the issue of full or partial abatement of a parent's basic child support obligation where the parent is obligated by an educational expenses order to pay his share of the child's on-campus "board." This avoids the duplication of payment for a single expense, resulting in a "windfall" to the custodial parent. *Id.* at 593.

■ Here, the trial court specifically found that Kathleen's food expense would change when Dana's food consumption began to occur on-campus. Moreover, the instant educational expenses order includes a component for Dana's "room and board." Despite the obvious duplication of provisions for Dana's food expense, the trial court did not order a partial abatement of the basic child support order. This is contrary to the logic and effect of the facts and circumstances before the trial court and therefore constitutes an abuse of discretion. *Clark v. Clark* (1991), Ind.App., 578 N.E.2d 747.

We remand for a consideration of whether a partial or full abatement of the basic child support order is appropriate during Dana's on-campus college attendance.

## III.

### *Income Withholding Order*

■ Steven also challenges the trial court's refusal to terminate the income

withholding order, pursuant to which his child support payments are deducted directly from his wages. The parties agree that IND.CODE 31–2–10–18(b) (Supp.1992) is controlling. It provides that an income withholding order terminates when both of the following occur: (1) the duty to support a child ceases; and (2) there exists no child support arrearage. *Id.* Because Steven's duty to pay child support has not ceased, the trial court correctly refused to terminate the income withholding order.

## IV.

### *Attorney Fees*

 Lastly, Steven argues the trial court erred when it awarded $600.00 in attorney fees to Kathleen.[1] In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount for attorney fees. IND.CODE 31–1–11.5–16(a) (Supp.1992). The trial court has broad discretion in assessing attorney fees and reversal is warranted only when the trial court's award is clearly against the logic of the facts and circumstances before the court. *Dougherty v. Leavell* (1991), Ind. App., 582 N.E.2d 442, 443. When making an award of attorney fees, the trial court may consider the amount of assets awarded to the parties, the relative earning ability of the parties, and which party initiated the action. *Selke v. Selke* (1992), Ind., 600 N.E.2d 100, 102.

██ Here, the record supports the trial court's conclusion that Steven earns an average of $760.00 per week gross income and Kathleen earns $500.00 per week gross income. Considering the disparity in the parties' incomes and the fact that Steven initiated the action, we cannot say that the trial court's award of attorney fees is clearly against the logic of the facts and circumstances presented.

We remand for a determination as to partial or full abatement of the basic child support order during Dana's on-campus col-

lege attendance, and affirm the trial court's order in all other respects.

MILLER, J., concurs.

ROBERTSON, J., concurs in issue III & IV, concurs in result as to issue II, & dissents with opinion in issue I.

ROBERTSON, Judge, concurring in part and dissenting in part.

I concur with Issues III and IV. I concur in result with opinion on Issue II. However, I respectfully dissent with opinion on Issue I.

## I.

### *Emancipation*

I agree with the majority that Ind.Code 31–1–11.5–12(d)(3) governs this issue. However, the majority has omitted the part of the statute which speaks directly to the present circumstances. The part of the statute omitted reads:

> in which case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist; however, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting himself or capable of only partially supporting himself, the court may order the support be modified instead of terminated.

Moreover, the majority's statement on page 5 of the slip opinion, based upon *Brancheau v. Weddle* (1990), Ind.App., 555 N.E.2d 1315, 1318, that the parent seeking *termination* of a support order based upon emancipation bears the burden of proving that the child can sustain himself *completely* through employment is an incomplete statement of the law for the same reason— it ignores the middle ground provided for by the statute and indicated by the undisputed facts of the case.

I acknowledge that whether a support order will terminate under the present stat-

---

1. The trial court awarded to Kathleen $350.00 in attorney fees for defending against Steven's petition for emancipation and modification of child support, and $250.00 for defending against Steven's subsequent motion to correct errors.

utory scheme is a matter of trial court discretion. 1986 Op.Atty.Gen. No. 2. The statute reads "the trial court *may* order the support be modified instead of terminated." "May" is not mandatory and indicates that the trial court is vested with discretion. *Carter by Carter v. Morrow* (1990), Ind.App., 563 N.E.2d 183. An abuse of discretion occurs only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions which may be drawn from the facts and circumstances. *Clark v. Clark* (1991), Ind.App., 578 N.E.2d 747.

Nevertheless, I believe the trial court's failure to modify (reduce) Father's child support obligation constitutes an abuse of discretion under the present circumstances. Brian, the "child" being supported, is a twenty (20) year old man who lives with his mother, is supported by both parents, and will not work full-time because he can collect more in unemployment benefits than he can earn. Brian is not handicapped, nor does he have the extraordinary medical expenses/health problems or other special circumstances justifying the continuation of support similar to the child in *Brancheau*, 555 N.E.2d 1315. At the hearing held in this matter, Brian's mother conceded that he was capable of supporting himself.

Brian was, in fact, earning $105.00 per week at the time of trial. There can be no serious contention that Brian was not partially supporting himself or not capable of partially supporting himself. Under the present circumstances, I believe that the trial court's refusal to terminate or reduce the child support order in question is clearly against the logic and effect of the facts and circumstances before the court and constitutes an abuse of discretion.

The trial court's findings indicate that father's child support obligation as computed under the Indiana Child Support Guidelines is $164.00 for two children or $109.00 for one child. Father's percentage share of the weekly available income is 60%. Brian is, at a minimum, capable of contributing $105.00 per week toward his support. This amount multiplied by Father's percentage share of income equals $63.00 ($105.00 × 60%). If the weekly child support appropriate for two children under the Guidelines, $164.00, is reduced by this $63.00 amount, the award is less than the child support appropriate for one child under the Guidelines, $109.00 ($164.00 − $63.00 = $101.00 < $109.00). Therefore, Father's petition should have been granted and the child support obligation should have been reduced to the one child amount, $109.00 per week.

Father filed the present petition June 11, 1992. Trial was originally scheduled for July 9, 1992. Mother obtained two (2) continuances and trial was ultimately held September. 8, 1992. On September 14, 1992, the trial court entered its findings and ordered that child support be reduced to $109.00 per week on Brian's twenty-first birthday, October 9, 1992. In order to give a remand order some teeth, I would order the reduction in child support effective as of the time the Father's present petition was filed, June 11, 1992. Father should not be prejudiced by the delay involved in bringing this simple case to trial.

II.

*Abatement of Support*

I concur with the reasoning of the majority on this issue. However, on remand I would instruct the trial court to reduce Father's child support obligation during the daughter's on-campus residency by at least 50%. At trial, Mother agreed that a 50% reduction would be fair and effectively requested the trial court to reduce Father's child support obligation by that amount during the daughter's on-campus residency. I believe that a reduction in Father's child support obligation of at least 50% is appropriate when the daughter goes away to college because, at that time, the son will have become emancipated and no child will remain at home subject to a support order.