**James Charles LEA, Appellant–Petitioner,**

v.

**Melody Ann LEA, Appellee–Respondent.**

**No. 24A01–9701–CV–41.**

Court of Appeals of Indiana.

June 24, 1997.

Jon R. Pactor, Indianapolis, Michael Douglass, Liberty, for appellant.

Melvin F. Wilhelm, Barrett & Wilhelm, Brookville, for appellee.

## OPINION

ROBERTSON, Judge.

James Charles Lea [Father] appeals the trial court's computation of his child support obligation with respect to his incapacitated, adult child in the custody of Melody Ann Lea [Mother]. We reverse.

## FACTS

The relevant facts are not disputed. Father and Mother divorced in 1980. Mother was awarded custody of the two children born of the marriage, and Father was ordered to pay child support. One child has become emancipated. The other child, age twenty-five, is mildly mentally retarded and subject to anxiety attacks. This child still lives with Mother and is dependent upon her care. Mother needs to remind the child to take baths and to brush her teeth. The child may only be left alone for a few hours at a time. Although the child has Medicaid to pay for her medical care, her dentist does not accept Medicaid. For four years, the child has worked part-time at McDonalds and, in 1995, earned approximately $7,500.00. Because she walks to work, she is not dependent upon anyone to get there.

On appeal, Father concedes that he is obligated to pay child support under Ind.Code 31–1–11.5–12(e)(2) which provides that the obligation to pay child support may extend beyond a child's twenty-first birthday in cases of incapacitation. Father objects to the methodology employed by the trial court

in computing his child support obligation outlined in its order as follows:

... the Court having heard evidence NOW FINDS that support shall be $75.00 per week for the incapacitated child of the parties. The Court arrived at the above stated figure by adding the combined available weekly income of the natural father, the natural mother and the incapacitated child and applying that combined total to the Indiana Support Guidelines and assigning the respective percentages to the parties. Under that approach, the natural father contributed 60% of the combined total and the guidelines suggest that the weekly support obligation for the child is $125.00 to reach the natural father's support obligation of $75.00.

The thoroughness of our review is hampered somewhat by the failure of the parties to submit verified child support guideline worksheets as required by Child Supp.G. 3(B). *See Dye v. Young,* 655 N.E.2d 549, 550 (Ind.Ct.App.1995). However, it may be deduced from the trial court's order and an examination of the Indiana Child Support Guidelines that the trial court found the aggregate of the incomes of Father, Mother and child to be approximately $770.00 per week. Father's income of approximately $458.00 per week was not seriously disputed nor was the child's income of approximately $7,500.00 per year, or $144.00 per week. Mother is presently employed part-time, but has worked full-time in the past, and seeks full-time employment. Mother lives in a house provided by her husband. From the figures outlined above, we surmise that the trial court imputed Mother's income at $170.00 per week (40 × $4.25). [$458.00 + $144.00 + $170.00 = $772.00]. The accuracy of our hypothesis regarding the trial court's computation is not determinative of the resolution of this case and is intended for illustration only.

### DECISION

■ Reversal of a trial court's child support order is merited only where the trial court's determination is clearly against the logic and effect of the facts and circumstances. *Kinsey v. Kinsey,* 640 N.E.2d 42,

43 (Ind.1994). On the appellate review of a child support order, weight and credibility issues are disregarded and only the evidence and reasonable inferences favorable to the judgment are considered. *Id.* at 43–44. Judges are advised to avoid the pitfall of blind adherence to the computation of guideline support without giving careful consideration to the variables that require changing the result in order to do justice. *Id.*

■ A trial court's calculation of a child support obligation under the child support guidelines is presumptively valid. *Marmaduke v. Marmaduke,* 640 N.E.2d 441, 443 (Ind.Ct.App.1994), *trans. denied.* However, it would appear that the guidelines do not address the situation encountered in the present case of how a child support obligation should be computed where an incapacitated, adult child is capable of partially supporting herself financially.

Father points out that including the child's income in the calculation of the combined weekly available income pushes the basic child support obligation derived from the guidelines schedule higher than it would be if the child's income were not included. Thus, Father argues, the methodology employed by the trial court in the present case is against the logic and effect of the facts and circumstances because the fact that the child partially supports herself should reduce his child support obligation rather than increase it.

We agree with Father's argument in large part and note that it comports with the methodology suggested by the dissent in *In re Marriage of Tearman,* 617 N.E.2d 974, 978–79 (Ind.Ct.App.1993) which involved a similar type of "middle ground" where an adult child was at least partially capable of supporting himself. Any amount that an adult child can contribute toward his own support should be applied to defray the cost borne by his parents. *See Carr v. Carr,* 600 N.E.2d 943, 946 (Ind.1992) (Under ordinary circumstances, the guidelines contemplate that a child will be required to assume responsibility for seeking grants, loans, and/or employment to defray the cost of her college education); *Sanders v. Sanders,* 902 P.2d 310, 315–16 (Alaska 1995) (Trial court errs when it fails to consider an incapacitated adult child's abil-

ity to provide for himself out of his own means when calculating a parent's child support obligation).

■ However, we agree with the trial court's inclusion of the child's income in the computation of the combined available weekly income to be utilized under the guidelines. After all, Indiana child support awards are designed to provide a child as closely as possible with the same standard of living as the child would have enjoyed had the marriage not been dissolved. *McCallister v. McCallister*, 488 N.E.2d 1147, 1153 fn. 5 (Ind.Ct.App.1986); Child Supp.G. 1(Preface). In the present case, had the parents stayed together, the child's income would be available to contribute to the overall family standard of living.

■ Accordingly, we hold that the methodology to be employed in computing an adult child support order under the present circumstances should be as follows. The income of both parents and any adult child capable of partially supporting herself should be aggregated in determining the weekly available income figure used to derive the basic child support obligation from the guideline schedule. The total child support obligation should be reduced by the amount the child contributes toward his own support. Only the parents' respective incomes should be considered in computing their respective shares of the support obligation because the child's income has been applied to reduce the parents' obligation. Any amount the child contributes in excess of the total support obligation should be applied to reduce other expenses related to the child including uninsured medical expenses.

■ Using the figures surmised in the present case, the aggregate of the three incomes, $770.00 per week, produces the basic child support obligation of $125.00 per week from the guideline schedule (as found by the trial court). This amount, $125.00 per week, should be reduced by the child's income of approximately $144.00 per week. As the result is negative, no child support obligation would be owing. *See Tearman*, 617 N.E.2d at 979. Any amount contributed by the child in excess of the total child support obligation

should be applied toward the medical or dental expenses not paid by Medicaid.

Based on the above, we reverse and remand with instructions that the trial court recalculate Father's child support obligation using the methodology outlined above. The parties should submit verified income worksheets as required by the guidelines.

Judgment reversed.

NAJAM and RILEY, JJ., concur.