Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2013, 10:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREA L. CIOBANU**
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**C. ANTHONY ASHFORD**
Ashford Law Group, PC
Chesterton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF | ) | |
| | ) | |
| HEATHER HILL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1208-DR-363 |
| | ) | |
| DARYL HILL, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
The Honorable Katherine R. Forbes, Magistrate
Cause No. 64D02-9902-DR-281

**May 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Heather Hill ("Mother") appeals the trial court's July 19, 2012 Order on Emancipation.[1] Mother raises three issues which we revise and restate as whether the order is clearly erroneous. We affirm.

FACTS AND PROCEDURAL HISTORY

Mother and Daryl Hill ("Father") married and had two children: A.H., who was born on February 16, 1991, and B.H., who was born on October 1, 1992. In June 1995, the court entered a decree dissolving the marriage of the parties and incorporating a property settlement and parenting agreement. The decree provided that Mother would have custody of B.H. and A.H. and the right to claim them as her dependent exemptions on her tax returns. The decree provided that Father's weekly basic child support obligation was $500 and that he would deposit $150 per week into a college fund for B.H. and A.H.[2] The parties made a number of filings regarding support and related issues over the years.

---

[1] We note that Mother included the July 19, 2012 order, as the order being appealed, in her appellant's brief only and not in the appellant's appendix. See Ind. Appellate Rule 50(A)(2) (providing that the appellant's appendix shall contain the appealed judgment or order). Further, we note that the copy of the order in the appellant's brief includes handwritten comments by Mother in the margins. This is inappropriate and we decline to consider that order and by separate order, grant Father's Motion to Strike the order. We consider and refer instead to the order contained in the appellee's appendix which does not include the handwritten comments.

[2] The provision related to Father's obligation to contribute to a college fund provided:

> [Father] shall be obligated to start an investment account, under the provisions of the Uniform Gift to Minors Act, for purposes of funding the children's college educations. [Father] shall contribute into said accounts the weekly sum of $75.00 per child, totaling $150.00, which accounts shall be managed by [Father]. [Father] shall provide [Mother] with written confirmation that these college investment accounts have, in fact, been established, and of all subsequent contributions made to same on a quarterly basis.

Appellant's Appendix at 73.

On February 1, 2011, the court entered an Agreed Modification pursuant to which Father and Mother agreed in part that Father's weekly support obligation would be $400 commencing October 1, 2010 and continuing until the youngest child attains twenty-one years of age unless the child turns eighteen years of age and is out of school for four consecutive months, provided that the child maintains at least a 2.5 GPA at an accredited college as a full-time student. The Agreed Modification further provided that if A.H. reached the age of twenty-one and was not in school as a full-time student, then Father's weekly support obligation would be reduced to $300. The Agreed Modification also stated that Mother, in conjunction with the State of Indiana, had initiated an action against Father for alleged past due support and expenses, that Father would make a single payment of $10,000 to Mother, that upon receipt of the payment Mother would dismiss or recommend to the State of Indiana to dismiss the action, that the $10,000 payment would constitute complete and full satisfaction of Father's past obligation in the dissolution of marriage action, and that upon making the payment Father's sole obligations would be for the payment of future support. The parties agreed that the intent of the parties, with the payment of $10,000, was that Father's obligations would be considered current and that any alleged past due support or other obligations between the parties was satisfied in full, and the parties acknowledged that they intended to dismiss any and all pending petitions that either had against the other.

On December 22, 2011, Father filed a Verified Petition to Modify Custody, Support, and for Emancipation in which he alleged that since February 1, 2011, there had been a substantial and continuing change of circumstances making the current support

3

order unreasonable, including: that on February 1, 2011, A.H. and B.H. lived with Mother and A.H. worked and B.H. completed high school; that on August 1, 2011, Mother moved to South Carolina without the parties' children and since then neither child had resided with Mother; that since August 1, 2011, B.H. enrolled in college and resides on campus during the school year and, when school is not in session, B.H. resides with Father, and Father pays all of B.H.'s tuition, room, board, and incidental expenses; and that, since August 1, 2011, A.H. has been living with her boyfriend and his mother, has not been enrolled in any secondary education, and works two jobs to support herself. Father argued that, pursuant to Ind. Code § 31-16-6-6(a)(3) and (b)(3),[3] the court should

---

[3] At the time of Father's petition, Ind. Code § 31-16-6-6(a) (Supp. 2010) provided in part:

The duty to support a child under this chapter, ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:

  (1)    The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

  (3)    The child:

      (A)    is at least eighteen (18) years of age;

      (B)    has not attended a secondary school or postsecondary educational institution for the prior four (4) months and is not enrolled in a secondary school or postsecondary educational institution; and

      (C)    is or is capable of supporting himself or herself through employment.

(Subsequently amended by Pub. L. No. 111-2012, § 30 (eff. July 1, 2012) (modifying from twenty-one years of age to nineteen years of age in subsections (a) and (a)(1) and providing an exception in subsection (a) for educational needs)). Ind. Code § 31-16-6-6(b) (Supp. 2010) provided in part that, "[f]or purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child: . . . (3) is not under the care or control of: (A) either parent; or (B) an individual or agency approved by

find A.H. to be emancipated, and that, pursuant to Ind. Code § 31-17-2-21,[4] the court should modify custody of B.H. to Father as such would be in the best interest of B.H. and a substantial change has occurred in one or more of the factors that may be considered by the court, including that B.H. resides with Father while he attends college. Father requested a hearing, a modification of legal and physical custody of B.H., the emancipation of A.H., a termination of Father's support obligation to Mother, and an adjudication of any arrearage, if any, owed by Father.

On January 16, 2012, Mother filed a request for continuance and order to pay outstanding child support in which she requested that Father pay child support arrearages of $9,600, noting that the February 1, 2011 Agreed Modification required Father to pay $1,600 per month and that the total due was $9,600 as Father's last payment was made July 6, 2011. Mother alleged in part that Father threatened to withhold support the month B.H. went to college, that B.H. resides with her, and that Father's address is provided for the purposes of B.H. attending an in-State school. Mother further alleged that she, and not Father, pays for B.H.'s incidental expenses, that Father's failure to pay support has imposed stress on B.H. as he is not receiving the full budgeted amount, and has forced him to tap into his personal savings and donate blood to earn additional income. Mother argued that she has been placed in distress due to Father's failure to comply with the order of the court, and that she believes Father's attempt to emancipate A.H. is to avoid

the court; the court shall find the child emancipated and terminate the child support." (Subsequently amended by Pub. L. No. 111-2012, § 30 (eff. July 1, 2012) (no substantive changes)).

[4] Ind. Code § 31-17-2-21(a) provides in part that "[t]he court may not modify a child custody order unless: (1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter."

5

paying A.H. what is due and owing to her in support and with respect to her college fund. Mother requested the court to order Father to pay outstanding child support which, including February 2012, amounted to $11,200, to prosecute Father if he fails to bring his account current immediately, and to award her attorney fees and expenses. Mother also alleged that she is entitled to have a child support increase as Father's financial circumstances over the years since 1995 have increased dramatically and she petitioned the court for relief from Father's ongoing harassment and for financial compensation for all damages, pain and suffering due to Father's abuse and harassment.

On May 22, 2012, Father filed a verified petition for contempt citation and rule to show cause in which he alleged that, pursuant to a Mediated Settlement Agreement entered on August 22, 2007, the court ordered that Father was entitled to claim the parties' minor children for purposes of his income taxes until such time as Mother earns in excess of $20,000 in one calendar year, and if Mother earns more than $20,000 in one calendar year then she could claim the parties' minor son B.H. Father alleged that, when he attempted to file his income taxes for tax year 2011, the return was rejected because Mother had claimed both children on her tax return in violation of the Mediated Settlement Agreement. Father further alleged that A.H., who works and supports herself, was prevented from taking a tax deduction because Mother claimed A.H. as a dependent. Father alleged that both he and A.H. have tried on multiple occasions to convince Mother to comply with the Mediated Settlement Agreement and to file an amended return, but that Mother has refused to do so. Father requested that Mother be ordered to file an

6

amended tax return for tax year 2011, removing any and all claimed deductions and exemptions for B.H. and A.H.

On May 30, 2012, the court held a hearing on Father's December 22, 2011 petition, Mother's January 16, 2012 request, and Father's May 22, 2012 petition, at which the parties presented arguments and evidence.

On July 19, 2012, the court entered an Order on Emancipation which found that the parties stipulated that Father was current in his child support obligation as of July 31, 2011; that Mother moved to South Carolina to care for her mother and that B.H. chose not to move with her; that there is no evidence to support that after July 31, 2011, B.H. was living with Mother or Father or that he was under the care, custody, and control of either parent; and that in August 2011 B.H. moved to Bloomington, Indiana, where he was enrolled in school. The court ordered Father to continue to be responsible for the payment of B.H.'s post-secondary educational expenses and found that Father had established an investment account for both children's education and that, as of the previous quarterly statement, B.H.'s college fund had a value of $79,446.37 and A.H.'s college fund had a value of $90,685.36. The court found that the difference in the values between the two accounts was the result of B.H.'s first year tuition, room, and board being paid from his college fund and that there appeared to be sufficient funds in his accounts to pay for the remaining three years of his undergraduate education and expenses.

The court further found that A.H. chose not to move with Mother to South Carolina and moved in with her boyfriend, that A.H. and her boyfriend periodically

7

resided in Father's home for short periods, that there is no evidence to support that A.H. was under the care, custody, or control of either parent as of August 1, 2011, and that A.H. had turned twenty-one years of age as of February 16, 2012. The court ordered that support for A.H. abate as of August 1, 2011.

The court also ordered that, if A.H. chooses to enroll in an undergraduate educational program and maintains a GPA of 2.0 or greater, Father would pay her undergraduate college tuition, room, board and expenses to the extent that funds are available. The court found that, due to Mother's lack of earned income, the parties entered into the Mediated Settlement Agreement on August 22, 2007, that pursuant to the agreement Father was entitled to claim the parties' minor children as dependents until Mother earned in excess of $20,000 in one calendar year, and that if Mother earned over $20,000 in one calendar year she was then entitled to claim B.H. The court also found that Mother did not dispute the fact that she had not earned more than $20,000 in one calendar year, that Mother testified that she earned approximately $10,000 in tax year 2011, that Mother claimed both children on her tax returns in violation of the parties' agreement, and that Mother's actions caused an unnecessary delay in the completion of tax returns for Father and A.H.

The court ordered that Father's duty to pay child support to Mother terminated as of July 31, 2011, that Father owes no child support arrears to Mother, that A.H. was emancipated as of August 1, 2011, that Father's duty to support B.H. abated when the child placed himself outside the care, custody, and control of either party, and B.H. was emancipated as of July 1, 2012. The court ordered Mother to amend her 2011 tax returns

8

to remove any deductions/exemptions for B.H. and A.H., that Father was entitled to claim B.H., and that A.H. was entitled to file her own tax return. The court found that the college funds were currently adequately funded for a four-year undergraduate degree and thus that Father's obligation to continue to contribute funds to these accounts was terminated. The court also ordered that Mother was responsible for reimbursing Father any expenses he incurred with respect to the filing of his original and amended 2011 federal and state income tax returns. Mother now appeals the July 19, 2012 order.

ISSUE AND STANDARD OF REVIEW

The issue is whether the trial court's July 19, 2012 Order on Emancipation is clearly erroneous. We place a strong emphasis on trial court discretion in determining child support obligations and acknowledge the principle that child support modifications will not be set aside unless they are clearly erroneous. Lea v. Lea, 691 N.E.2d 1214, 1217 (Ind. 1998). Where a trial court enters findings of fact and conclusions of law, first we determine whether the evidence supports the findings, and second we determine whether the findings support the judgment. Lechien v. Wren, 950 N.E.2d 838, 841 (Ind. Ct. App. 2011). We will set aside the trial court's specific findings only if they are clearly erroneous, that is, when there are no facts or inferences drawn therefrom to support them. Id. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. Id. We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. Id. The findings control only as to the issues they cover, and a general judgment standard applies to issues upon which the trial court made no

9

findings.  Id.  We review questions of law *de novo* and owe no deference to the trial court's legal conclusions.  Id.

## DISCUSSION

Mother maintains that the trial court's finding that Father owes no arrears is clearly erroneous because it is predicated on a void agreement retroactively modifying $101,825 in Father's arrears and because other arrears still exist.  Mother argues that the February 1, 2011 Agreed Modification purported to release Father in direct contravention of Indiana law and public policy and neither the parties nor the court had the power to entertain such an agreement.  Mother asserts that Father still owes arrears and there is no evidence that Father paid support after July 31, 2011.  Mother further maintains that the order provides that Father has a continuing duty to provide educational support, that the order terminates support payments to Mother as of July 31, 2011, and that the only logical conclusion for these contradictory statements is that the court must have considered the college fund as satisfaction of Father's educational support obligations which is without support under Indiana law.  Mother argues that the funds were established under the Indiana Uniform Gifts to Minors Act (the "UGMA") (now replaced by the Indiana Uniform Transfers to Minors Act (the "UTMA")), that the funds must be considered gifts, that as such the funds may not satisfy a child support obligation, and thus that the court mistakenly determined that dispersals from the college funds could satisfy Father's educational support obligations.  Mother also asserts that the practical outcome of this case is in blatant disregard for Indiana's public policy of protecting the welfare of children.

10

Father argues that the court did not err in finding that he owed no arrearage to Mother as Father was current in his support obligation as of July 31, 2011, A.H. was emancipated as of February 1, 2011, and support for B.H. abated when he attended college and no longer resided with Mother. Father notes that the fact that he was current in his support obligation as of July 31, 2011 was uncontested at the May 30, 2012 hearing and that Mother argues for the first time on appeal that the February 1, 2011 agreement is void. Father states that Mother does not challenge the court's findings that A.H. was emancipated as of August 1, 2011, that support for B.H. abated as of July 31, 2011, or that B.H. was emancipated as of July 1, 2012. Father further asserts that the court did not err in finding that the college funds were sufficient to pay his educational support obligation and ordering Father to pay educational support with those funds. Father also asserts that Mother argues for the first time on appeal that the college fund for B.H. cannot be used to satisfy Father's educational support for B.H. Father contends that his contributions to the college funds, in substance, represented a prepayment of his educational support obligation, that he solely funded these accounts for nearly seventeen years, and "[i]t seems a bit late for [Mother] to be arguing over the tax vehicle utilized in funding the accounts, especially when it was agreed in the Dissolution Decree." Appellee's Brief at 23.

In her reply brief, Mother argues that the contributions to the college funds could not be used to satisfy any support obligation, that the court should have followed the Indiana Child Support Guidelines, and that the February 1, 2011 agreed modification is void in part because Mother lacked the authority to compromise the back child support.

11

Mother also argues that the general rule of waiver does not prevent an appellate court from properly entertaining the merits of a case and that, by declining to decide Mother's case on its merits, Father would have the court promote the policy of judicial estoppel over the strong public policy of protecting the welfare of children.

With respect to the issues raised on appeal by Mother regarding the validity or enforcement of the August 1, 2011 Agreed Modification, we note that Mother did not allege in her January 16, 2012 request for outstanding child support that the Agreed Modification was void or unenforceable in any respect or, more specifically, that evidence of any alleged $101,825 arrearage prior to the Agreed Modification affected the validity of the Agreed Modification, that the issue was not raised or discussed at the May 30, 2012 hearing on the pending motions, and that the trial court, in its July 19, 2012 Order on Emancipation, did not address the issue of whether the Agreed Modification was invalid or unenforceable in any respect for any reason. The court's order did find that the parties stipulated that Father was current in his child support obligation as of July 31, 2011, and that Father's duty to pay child support to Mother terminated as of July 31, 2011. In short, Mother did not raise before the trial court, and the court did not address in its July 19, 2012 order, the issue of whether the August 1, 2011 Agreed Modification was unenforceable in any respect. We also note that Mother testified at the May 30, 2012 hearing that Father was current in his support obligation as set forth in the Agreed Modification as of July 31, 2011. Based upon the trial court's order and ruling, we decline to address an issue for the first time on appeal upon which the trial court did not rule and where the issue was not raised below. See GKC Ind. Theatres, Inc. v. Elk Retail

12

Investors, LLC., 764 N.E.2d 647, 651 (Ind. Ct. App. 2002) ("As a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court.").

Further, we observe that Mother does not challenge on appeal the trial court's findings that the parties entered into the August 22, 2007 Mediated Settlement Agreement whereby they agreed that Father was entitled to claim the children for purposes of his income taxes until Mother earned in excess of $20,000 in one calendar year, that Mother earned approximately $10,000 in tax year 2011, and that Mother's action of claiming both children on her tax return for 2011 was in violation of the agreement. Further she does not challenge the court's order that she amend her 2011 tax returns and reimburse Father his expenses with respect to the filing of his tax returns for that year. In addition, Mother does not challenge on appeal the findings and orders of the trial court that Father's child support obligation with respect to B.H. abated as of July 31, 2011, and with respect to A.H. abated as of August 1, 2011, as the evidence did not show that they were under the care, custody, and control of either parent as of those respective dates, or that B.H. was emancipated as of July 1, 2012, and A.H. was emancipated as of August 1, 2012.

With respect to the college funds for B.H. and A.H., the trial court found that in August 2011 B.H. moved to Bloomington, Indiana, where he was enrolled in school, that Father had established investment accounts for both children's education and that, as of the previous quarterly statement, B.H.'s college fund had a value of $79,446.37 and A.H.'s college fund had a value of $90,685.36, that the difference in the values between

the two accounts was the result of B.H.'s first year tuition, room, and board being paid from his college fund, and that there appeared to be sufficient funds in the accounts to pay for the remaining three years of B.H.'s undergraduate education and expenses. The court ordered Father to continue to be responsible for the payment of B.H.'s post-secondary educational expenses and, if A.H. chooses to enroll in an undergraduate educational program under certain conditions, to pay her undergraduate college tuition, room, board, and expenses to the extent that funds are available.

At the May 30, 2012 hearing, Father testified that, in accordance with the June 1995 decree of dissolution, he had deposited funds into investment accounts which were maintained on behalf of B.H. and A.H. and for which B.H. and A.H. were beneficiaries. Father testified that he actually deposited more than the amounts required under the decree, and that it appeared to him that sufficient funds existed to pay for B.H.'s undergraduate education. Father also presented the quarterly statement dated March 30, 2012, reflecting the activity of the funds for the quarter and the funds' values. Mother did not contest that the value of the funds in the investment accounts was sufficient to pay for the colleges expenses of A.H. or B.H. or that Father failed to make deposits as required by the decree of dissolution.

However Mother argues for the first time on appeal that the funds in the investment accounts may not satisfy Father's support obligation because they were established under the UGMA and should be considered gifts. The decree specifically contemplated that the deposits made by Father into the investment accounts which he established would provide for the children's college educations, the college funds were

14

not intended to, and did not, satisfy Father's basic child support obligations, and in substance the payments were a prepayment of educational support for A.H. and B.H. by Father. The assertion that the trial court was required to enter an educational support order that Father pay for school expenses for B.H. and A.H. using funds other than those specifically designated and deposited in investment accounts established and funded for that purpose under the decree is unavailing.

Based upon the record, and keeping in mind that we place a strong emphasis on trial court discretion in determining support obligations, we cannot say that the court's July 19, 2012 order is clearly erroneous.

## CONCLUSION

For the foregoing reasons, we affirm the court's July 19, 2012 Order on Emancipation.

Affirmed.

RILEY, J., and BRADFORD, J., concur.