Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2014, 10:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROBIN R. HALL**
Zionsville, Indiana

APPELLEE PRO SE:

**ROBERT BANKERT**
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBIN (BANKERT) HALL, | ) | |
| | ) | |
| Appellant - Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1304-DR-186 |
| | ) | |
| ROBERT H. BANKERT, | ) | |
| | ) | |
| Appellee - Respondent. | ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable J. Jeffrey Edens, Judge
Cause No. 06C01-0303-DR-133

**April 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Robin Bankert Hall appeals from the trial court's order disposing of then-pending issues involving the allocation of extraordinary uninsured medical expenses, tax deductions, and the treatment of gratuitous support in post-dissolution proceedings involving Robert H. Bankert, Hall's former husband. Concluding that the trial court did not abuse its discretion in resolving these issues, we affirm.

The facts pertinent to this appeal reflect that Bankert filed a motion to modify his child support obligation for three of his children. Shortly after filing this motion, Bankert was notified that the Social Security Administration found he was qualified for Social Security Disability benefits. As a result of that determination, Bankert was awarded back benefits totaling $13,872.00 on approximately November 1, 2012, with future monthly benefits of $2,312.00 commencing in November 2012. On January 8, 2013, Bankert was notified that three children from his marriage to Hall were entitled to back benefits and monthly benefits due to their father's disability. On approximately January 14, 2013, each child was awarded back benefits totaling $3,782.32, with monthly benefits commencing in February 2013 in the amount of $391.00 for each child.

Hall was employed full time, working 40 hours per week at the hourly rate of $15.00 for a weekly gross income of $600.00. Hall chose to work fewer hours during the summer months and asked the trial court to deviate in its calculation of Hall's weekly gross income to account for that reduction in hours. The trial court, however, declined to do so. The trial court imputed to Bankert weekly income in the amount of $804.22 in light of Bankert's

2

disability income, and modified Bankert's weekly support obligation to $152.34 retroactive to October 23, 2012, the date Bankert filed his petition to modify support.

The trial court determined that based upon the Indiana Child Support Guidelines and the parties' respective incomes that Hall should be obligated to pay the first $1,141.92 of annual uninsured healthcare expenses incurred by the parties' three children. Once that threshold was met, any additional uninsured healthcare expenses incurred by the children were to be split pursuant to the parties' income percentages, with Hall being responsible for 59% and Bankert being responsible for 41%.

The trial court also entered findings and conclusions regarding gratuitous support received by the children from Bankert. All three children receive monthly Social Security benefits of $391.00. Combined, their weekly disability benefits total $270.69. The children collectively receive $118.35 each week, and $6,154.32 each year, more than Bankert's child support obligation. Additionally, the children received lump-sum benefits of $11,347.00 collectively. Bankert asked the trial court to recognize the monthly gratuity by awarding him the dependency deduction for tax purposes for all three children, or to increase the threshold amount of Hall's initial responsibility for annual uninsured healthcare expenses incurred by the parties' children in an amount equal to the amount of the gratuity. On the other hand, while acknowledging the gratuity, Hall represented to the trial court her intention to place an amount equal to the gratuity in a college fund for the children. She wished to do so voluntarily, however, without the existence of a court order to that effect and without court supervision. Hall maintained that she wished to have the ability to exercise her discretion to

assist the children with purchases, such as a car. The trial court decided not to enter an order requiring Hall to place the gratuity into a college fund, but also decided that Bankert should receive some credit for the gratuity. Accordingly, the trial court concluded that Hall should be responsible for the first $7,296.12 of the children's annual uninsured healthcare expenses. Hall was given the option of voluntarily funding an irrevocable trust fund for the benefit of each of the children in the amount of the gratuity for the purposes of paying incurred college expenses. If Hall chose that option, neither party would be allowed to act as trustee or co-trustee of the trust fund.

Further, pursuant to a prior order, each of the parties was allowed to claim one of the three children for purposes of the dependency deduction with respect to taxes. The entitlement to the tax deduction for the third child alternated each year with Hall claiming the deduction for that child on even-numbered years, and Bankert claiming the deduction on odd-numbered years so long as Bankert was current in his child support obligations. Both parties agreed that due to the lump-sum disability payment, Bankert was not in arrears with respect to child support. Hall, however, claimed the alternating dependency deduction for 2011, contending that Bankert's then-existing arrearage entitled her to do so. The trial court observed that according to child support records maintained by the Boone County Clerk's Office, Bankert was at least current, if he had not overpaid his child support for that year, and

that he should be allowed to claim the alternating dependency deduction for 2011. The trial court allowed the prior order regarding dependency deductions to stand. Hall now appeals.[1]

Our Supreme Court has placed a "strong emphasis on trial court discretion in determining child support obligations" and has acknowledged "the principle that child support modifications will not be set aside unless they are clearly erroneous." *Lea v. Lea*, 691 N.E.2d 1214, 1217 (Ind. 1998).

Hall claims that the trial court exceeded its authority with respect to how the gratuity was acknowledged. She contends that it was erroneous to enter an order increasing the threshold amount of uninsured medical expenses for which she would be responsible, and proposing the irrevocable trust option in the alternative. Ind. Child Support Guideline 3(G)(5) addresses how a parent's child support obligation is to be adjusted by the receipt of Social Security benefits. Lump-sum payments of Social Security Disability benefits are to be applied as a credit against any child support arrearage. Child Supp. G. 3(G)(5)(b)(1). The trial court correctly applied the lump-sum payments here. Further, Bankert's receipt of Social Security Disability benefits was included as income for purposes of determining the child support obligations of the parties, and the monthly payments were credited against Bankert's child support obligation. *See* Child Supp. G. 3(G)(5)(a)(2)(ii).

---

[1] Of the three issues stated by Hall, one of them, addressing the dependency deduction, has been waived for failure to present cogent argument and citation to authority. *See Groves v. State*, 823 N .E.2d 1229, 1231 n.2 (Ind. Ct. App. 2005) ("[f]ailure to put forth a cogent argument acts as a waiver of the issue on appeal"). *See also* Ind. Appellate Rule 46(A)(8)(a) (requiring argument section of brief to contain the contentions of the appellant on the issues presented, supported by cogent reasoning and citations to relevant authorities).

We conclude that the trial court did not abuse its discretion by increasing the threshold amount of Hall's initial responsibility for uninsured medical expenses. Bankert sought a credit for the gratuity. Hall did not want Bankert to receive all three dependency deductions. The trial court calculated which of the parties would benefit most from the dependency deductions, and in denying Bankert's request, explained that such a conclusion was supported by the finding that Hall would benefit more from the deductions than Bankert. Thus, even though Hall had also requested all three dependency deductions, the trial court allowed the allocation of the dependency deductions set forth in its prior order to stand.[2]

Hall had stated her intention to apply the gratuity, in large part, if not all, toward a college fund for the children. She declined to voluntarily agree to establish the fund with reporting responsibilities accounting for those funds to Bankert. Hall also opposed the issuance of a court order requiring her to do the same. The trial court's order reflects the goal of reducing needless expense and litigation about the use of the gratuity. Hall has the option of exercising her discretion in the use of the gratuity for the benefit of the children, but with increased responsibility for the uninsured medical expenses. Further, in recognition of the desirable goal of establishing a college fund for the children, the trial court allowed Hall to do so, but in a manner that would reduce friction between her and Bankert about

---

[2] There appears to be a scrivener's error in that portion of the trial court's order. The dependency deduction allocation was suggested as one of two means of recognizing the credit to Bankert for the gratuity. The trial court's explanation appears self-contradictory because it states that Hall would benefit more from the dependency deductions than would Bankert, but then declines to allocate all three dependency deductions to Hall. *Appellant's Brief* at 14. Hall had filed a separate request for a modification of the allocation of dependency deductions. It appears, however, that the trial court was explaining why that means of recognizing the credit was not the best option, and the trial court's decision to allow its prior order with regard to the deductions to stand was its denial of Hall's separate request.

accountability for the use of those funds. Hall has failed to show an abuse of the trial court's discretion here.

Hall also challenges the trial court's decision to allow Bankert to claim the alternating dependency deduction for 2011. Our review of the record, however, leads us to conclude that the trial court did not abuse its discretion. The child support payment summary and record of child support payments admitted into evidence by Bankert support the trial court's finding and conclusion. Hall has failed to establish that the trial court abused its discretion.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.