**Marliene A. BOWER, Appellant–Petitioner,**

v.

**James C. BOWER, Appellee–Respondent.**

**No. 79A02–9802–CV–171.**

Court of Appeals of Indiana.

July 28, 1998.

---

Edward Chosnek, Pearlman, Chosnek, Morrisey & Hopson, P.C., Lafayette, for Appellant–Petitioner.

Carolyn S. Holder, Holder, Davis & Smith, Lafayette, for Appellee–Respondent.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner Marliene A. Bower ("Wife") appeals the trial court's order which 1) increased appellee-respondent James C. Bower's ("Husband") child support obligation based upon an average of Husband's income over five years, and 2) allowed Husband to claim one child as a dependent for federal and state tax purposes. The facts relevant to appeal are set forth below.

Husband and Wife were divorced on March 13, 1992. Pursuant to the dissolution decree, Wife was awarded custody of the parties' two minor children. Husband was ordered to pay $230 per week for child support.

On August 26, 1996, Wife filed a petition to modify the dissolution decree alleging a "substantial and continuing change of circumstances of such a magnitude as to make the existing support order unreasonable in that the minor children's expenses have increased substantially and the Husband's income has increased in a substantial sum...."[1] On April 3, 1997, Husband filed a petition to modify the dissolution decree requesting that he be permitted to claim both children as dependents for federal and state income tax reporting purposes.

A hearing on the matter was held on April 17, 1997. On August 11, 1997, the trial court entered its order granting Wife's petition to increase Husband's child support obligation, and Husband's petition, in part, by allowing

1. On September 25, 1996, Husband filed a motion to transfer the proceedings to Tippecanoe County. By an agreed order, the case was transferred October 8, 1996. Wife's petition to modify was first set for hearing on December 4, 1996; however, due to conflict and court congestion, the hearing was eventually reassigned for April 11, 1997.

him to claim one child as a dependent. In its order, the trial court specifically found that:

3. Since the entry of the original Decree of Dissolution in March of 1992 the husband has purchased three homes which he continues to own for investment purposes. The most recent home was purchased by the husband in May of 1996 for Six Hundred Forty Thousand dollars ($640,000.00). He pays monthly mortgage payments of Five Thousand Nine Hundred Dollars ($5,900.00). He breaks even on his other two houses. Although the husband anticipates he is gaining appreciation on his house investments and is receiving certain tax advantages, his cash flow is virtually zero.

4. The husband has purchased two horses at a cost of Fifteen Thousand ($15,-000.00) to Twenty Thousand Dollars ($20,000.00) and pays Five Hundred Dollars ($500.00) per month to board them in Bloomington, Indiana. He also takes the horses to Florida for boarding in the winter. The husband rides the horses two times per week and deducts the costs of maintaining them of approximately Eighteen Thousand Dollars ($18,-000.00) per year as promotional expenses. On the other hand, the husband owned and operated the Lafayette Hustlers during the marriage and deducted substantial moneys as a[sic] promotion expenses. This type of deduction was upheld by the Internal Revenue Service based on the promotional advantages gained in the husband's commodity business.

5. The evidence reflects the husband travels a lot and takes a substantial deduction for travel on his tax returns. Also, on his 1995 tax return, Fifty-one Thousand Dollars was deducted for legal and accounting expenses.

. . .

7. The Court finds that the husband is employed by Bower Trading, Inc., a company engaged in commodities trading. The husband's gross income after business expenses but before taxes, adding back in the depreciation reflected on Schedule E of each year's tax return is as follows: 1991—$65,929.00; 1992—$42,392.00; 1993—$80,803.00; 1994—$158,-120.00; 1995—$205,706.00; 1996—$230,-499.00. Averaging the husband's income for the last five (5) years since the entry of the Dissolution Decree gives an average gross annual income of $143,494.00, which the Court believes is accurate to use based on the volatility of the commodities market and further based on the accepted business practice of averaging income for five (5) years to determine a true annual income for husband's business according to the testimony of Dan Heman, CPA.

8. . . . This Court does not find that [husband] has appreciably changed his lifestyle since the granting of the dissolution of marriage nor is he taking steps to "hide" income. He is aggressive in terms of taking tax deductions but the Court does not find a ground for substantial deviation from the support guidelines based on the facts of this case. There are substantial fluctuations in his income and on average it is fair and equitable to only add back into income his Schedule E depreciation in order to ascertain his gross weekly income for guideline purposes.

9. The wife reported Thirty-one Thousand Seven Hundred Forty Two Dollars ($31,742.00) in total gross income on her 1996 federal tax return. Depreciation deducted by the wife on Schedule E of that return totals Twenty-nine Thousand Two Hundred Fifty Dollars ($29,250.00). Adding that depreciation to wife's total income gives her a total annual income of Sixty Thousand Nine Hundred Ninety-two Dollars ($60,992.00). . . .

10. The wife has a college degree and is licensed as a school teacher. She has voluntarily chosen to earn her living from investment and rental property and not to teach school which would substantially increase her income. It is not for this [C]ourt to impute additional income to her under the facts of this case. The role of the Court is not to attempt to engage in social engineering and maximize each party's income for purposes of

the Child Support Guidelines. She has made a lifestyle choice allowing her to spend more time with the children; the children of the marriage are in no way suffering economically. . . .

11. Finding that the husband incurs health insurance costs to cover the children of $69.76 per week or $300.00 per month. Applying these figures to the Indiana Child Support Guidelines indicates that husband should pay $307.32 per week in child support to the Clerk of this Court. . . .

. . .

14. Finding that based on the earning of the parties, the husband should be permitted to claim the oldest child of the marriage as a deduction for state and federal income taxes as long as he is current in the payment of his child support. . . .

15. Finding that based on disparity of income of the parties the husband shall pay directly to counsel for the wife as partial payment of attorney fees the sum of One Thousand Dollars ($1,000.00) within thirty days of this order representing partial payment of attorney fees reasonably incurred.

Wife now appeals the trial court's order.

On appeal, Wife raises the following issues:

(1) whether the trial court erred in using an average of Husband's income over five years rather than the most current year of income in determining Husband's support obligation;

(2) whether the trial court erred in failing to impute to Husband's income certain deductions taking by Husband; and

(3) whether the trial court erred in not ordering Husband to pay all of Wife's attorney's fees.

■ Wife first argues that the trial court erred in using the average of Husband's income for the years 1992 through 1996 to determine his current support obligation. She specifically asserts that by averaging Husband's income for the five years, an artificial income figure was created, $143,494, that was approximately $87,000 less than Husband's actual income for 1996, $205,706.

Thus, according to Wife, the trial court's methodology resulted in an inadequate support order.

■ The trial court's modification of a support order will only be reversed for an abuse of discretion, that is, only when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Mullin v. Mullin,* 634 N.E.2d 1340, 1341 (Ind.Ct.App.1994). In determining whether the trial court abused its discretion in modifying a child support order, the court of review does not weigh the evidence or judge the credibility of the witnesses but, rather, considers only that evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom. *Id.* If from that viewpoint, there is substantial evidence to support the finding of the trial court, it will not be disturbed even though the court of review may have reached a different conclusion had it been the trier of fact. *Id.*

Here, the facts reveal that Husband is self-employed and works as a commodities broker. His income is generated by commissions based upon the number of commodity trades he makes for his clients. According to the Indiana Child Support Guidelines ("Guidelines"), commissions are includable in total gross income. Ind. Child Support Guideline 3 (Commentary 2.b.). However, where that income is contingent upon the production of the worker, earnings of a business or some other variable, a judge must be innovative in finding ways to include the income but be receptive to deviations where articulate reasons justify them. *Id.* The Guidelines caution the courts to use care in determining income of self-employed individuals, especially when part or all of the income is contingent upon the production of the individual.

During the hearing, Daniel Heman, Husband's accountant, testified that it is difficult to predict a commodities broker's income because of the volatile nature of the business. Therefore, to most accurately evaluate Husband's earning ability for any purpose, Heman stated that he looked at Husband's earnings over a five-year period.

Based upon the volatility of the commodity trading business, the sizable variations in Husband's income from the years 1991–1996, and the testimony of Husband's accountant, the trial court determined that averaging Husband's income for the last five years was the most accurate way of determining Husband's true annual income for 1996. Thus, instead of using Husband's 1996 income, which totaled $230,449, to calculate Husband's child support obligation for 1996, the trial court used the five-year average of Husband's income which was $143,494.

Husband is in a unique business where his annual income is subject to great fluctuations depending upon the performance of the commodities market, the extent of Husband's customer base, as well as the number of trades Husband is able to perform. Given Husband's unique employment situation, the flexibility inherent in the Guidelines permitted the trial judge, in the instant case, to determine Husband's "true annual income" based upon an average of Husband's income over a five-year period. We do not perceive an abuse of discretion in the trial court's calculations. As such, the trial court did not error in basing Husband's child support obligation thereon.

■ Wife next argues that the trial court erred in failing to impute to Husband's income certain deductions taken. Wife takes particular exception to the following deductions taken by Husband: promotional expenses, travel expenses, and legal and accounting expenses.

Child Support Guideline 3 specifically addresses income from self-employment or the operation of a business:

Weekly Gross Income from self-employment, operation of a business, rent and royalties is defined as gross receipts minus ordinary and necessary expenses. In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed in order that the deductions be restricted to reasonable out-of-pocket expenditures necessary for the production of income. These expenditures may include a reasonable yearly deduction for necessary capital expenditures. Weekly gross income from self-employment may differ from a determination of business income for tax purposes.

This Guideline clearly vests discretion with the trial court to exclude as a business expense any expenditure which the court determines will personally benefit the parent.

Commentary 2.a. to Child Supp. G. 3 further explains this provision:

Calculating weekly gross income for the self-employed or for those who receive rent and royalty income presents unique problems and calls for careful review of expenses. The principle involved is that actual expenses are deducted and benefits that reduce living expenses (company cars, free lodging, reimbursed meals, etc.) should be included in whole or in part. It is intended that actual out-of-pocket expenditures for the self-employed, to the extent that they are reasonable and necessary for the production of income, be deducted. Reasonable deductions for capital expenditures may be included. While income tax returns may be helpful in arriving at weekly gross income for a self-employed person, the deductions allowed by the Guidelines may differ significantly from those allowed for tax purposes.

Wife maintains that because Husband derives some personal benefit from his promotional expenditures and travel expenses, the trial court erred in not adding the expenses to Husband's gross income. She also finds fault with the trial court's failure to add back to Husband's income Husband's deductions for legal and accounting fees.

Husband testified during the hearing, however, that the $18,000 in promotional expenses he deducted from his gross income consisted of television, radio, and magazine advertisements, as well as the purchase, care and training of two horses. Husband's testimony revealed that he uses his horses in commercials that are targeted to Husband's ranching and farming clientele. Husband further testified that because his clients are located throughout the United States, his extensive travel is for the purposes of visiting clients and promoting his business. Husband also testified that of the $51,000 he

deducted in 1995 for legal and accounting expenses, approximately $41,000 consisted of expenses Husband incurred in legal fees related to the divorce proceedings.

In the instant case, the trial judge heard testimony and reviewed the evidence presented at the hearing. The trial judge's findings disclose that the judge specifically reviewed the deductions Husband took for promotional, travel, and legal and accounting expenses. In his findings, the judge specifically determined that Husband's promotional and travel expenses were necessary business deductions and that given Husband's unique employment, it was "fair and equitable to only add back into income [Husband's] . . . depreciation in order to ascertain his gross weekly income for guideline purposes."

Given Husband's employment situation, the trial court determined that the deductions taken by Husband should not be included in his gross income. As the evidence here amply supports the trial court's findings, we do not find that the trial court abused its discretion in allowing these deductions.

Wife next argues that the trial court abused its discretion in ordering Husband to pay only part of Wife's attorney's fees. Wife maintains that given Husband's financial resources, he should have been ordered to pay all of Wife's attorney's fees.

We review an award of attorney fees for an abuse of discretion. *Truman v. Truman*, 642 N.E.2d 230, 238 (Ind.Ct.App. 1994). The trial court has broad discretion in assessing attorney fees, and reversal is warranted only when the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *In re Marriage of Tearman*, 617 N.E.2d 974, 978 (Ind.Ct.App.1993). In assessing attor-

ney's fees, the court may consider such factors as the resources of the parties, the relative earning ability, and the ability to engage in gainful employment. *Id.* However, the court need not give reasons for its determination. *Id.* The trial judge possesses personal expertise which he or she may use when determining reasonable attorney's fees. *Appeal of Wickersham*, 594 N.E.2d 498, 501 (Ind.Ct.App.1992).

In its findings, the trial court specifically found that Husband's income was subject to substantial fluctuation. The trial court also found that Husband pays for the children's health care insurance as well as the costs of some of the children's extracurricular activities. Nevertheless, the trial court determined that, based upon the disparity of income between the parties and the fact that Wife incurred additional attorney's fees due to the complexity of Husband's income tax returns and business taxes, Husband should be responsible for $1,000 of the $3,822.50 that Wife incurred in attorney's fees. The trial court was in the best position to assess reasonable attorney's fees in this case. In light of the evidence, we cannot say that the trial court abused its discretion in ordering Husband to pay only part of Wife's attorney's fees.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN and RUCKER, JJ., concur.