**Paul J. HOWE, Appellant–Petitioner,**

v.

**Rebecca E. (Howe) VONINSKI, Appellee–Respondent.**

**No. 64A03–9712–CV–428.**

Court of Appeals of Indiana.

Aug. 25, 1998.

Rehearing Denied Oct. 8, 1998.

John M. Lyons, Lyons, Sullivan & Brooks, Valparaiso, for Appellant–Petitioner.

Michael A. Wilkins, Ice Miller Donadio & Ryan, Indianapolis, for Appellee–Respondent.

## OPINION

SULLIVAN, Judge.

Appellant, Paul J. Howe (Howe), appeals the order of the trial court requiring him to provide for the higher educational needs of his daughter, Jennifer.

We affirm.

Upon appeal, Howe argues that the trial court erred in assessing him with costs associated with Jennifer's room and board at Ohio State University.

Howe and Rebecca E. Voninski divorced in 1980. Pursuant to the dissolution, the court ordered Howe to provide basic support for Jennifer. This obligation terminated on February 28, 1997, when Jennifer turned twenty-one years of age.

On July 16, 1997, the trial court determined that Howe maintained a continuing obligation to provide for the educational needs of his daughter. The court considered room and board to constitute educational needs.

I.C. 31–1–11.5–12, *repealed by* P.L. 1–1997, § 157,[1] provided that a court order to provide for the educational needs of a child may continue in effect even after the child is emancipated. "[T]uition, room and board are nearly always considered when establishing an award ..." for the expense of post-sec-

1. For present provision, *see* I.C. 31–16–6–6 (Burns Code Ed. Repl.1997). The new provision is not materially different from the former.

ondary education. Ind. Child Supp. Guidelines 3E, *Commentary* 3(b). Upon appeal, this court will not reverse an order providing for the educational needs of a child absent an abuse of discretion. *Altwies v. Altwies* (1986) Ind.App., 495 N.E.2d 542, 544 n. 2.

In the present case, we conclude that the trial court did not abuse its discretion. Jennifer attends a university which is beyond the distance of a reasonable commute, and therefore her room and board constitute educational needs.[2]

The judgment is affirmed.

KIRSCH and BAKER, JJ., concur.

[2] We expressly decline to determine whether a trial court might appropriately decline to include room and board when a child attends a university within a reasonable commute of her parent's home. Resolution of this issue would depend upon the facts of the specific case.