**Brian BORUM, Appellant–Respondent,**

v.

**Pamela (Borum) OWENS, Appellee–Petitioner.**

No. 48A02–0511–CV–1122.

Court of Appeals of Indiana.

Aug. 21, 2006.

Edward B. Alley, Alley & Davidson, LLC, Elwood, IN, Attorney for Appellant.

David W. Stone, IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Brian Borum appeals the denial of his petition to modify the payment of college expenses for his daughter, Brydgette. We reverse.

### Issue

Borum raises three issues. We address the dispositive issue, which we restate as whether the trial court properly ordered Borum to continue paying Brydgette's college expenses after her marriage.

### Facts

During Borum and Pamela Owens's marriage they had two children, including Brydgette, who was born on February 4, 1983. The couple appears to have divorced in 1989. On May 17, 2004, the trial court ordered that Brydgette was emancipated subject to her parents' duty to help her pay college expenses. The trial court also ordered that after Brydgette applied for grants and scholarships, Borum was required to pay 92% of her remaining college expenses and Owens was required to pay 8%.

On April 26, 2005, in anticipation of Brydgette's June 2005 wedding, Borum petitioned to modify the order requiring him to pay her college expenses. Borum's petition alleged that Brydgette's marriage was "additional evidence of her emancipation" and that as of the date of her marriage he should no longer be required to pay her college expenses because Brydgette's fiancé, David Manship, was gainfully employed and financially able to support her. On May 16, 2005, after a hearing, this petition was denied.

Brydgette was married on June 11, 2005. On June 13, 2005, Borum filed another petition alleging that because of her marriage, Brydgette should be emancipated for purposes of Borum's obligation to pay her college expenses. That same day, Borum filed a motion to correct error, again alleging that Brydgette's marriage should terminate his obligation to pay her college expenses. On August 8, 2005, after a hearing on the pending motions, the trial court denied the motion to correct error. On August 29, 2005, the trial court dismissed the June 13, 2005 petition.[1] Borum now appeals.

### Analysis[2]

Borum argues that because Brydgette was married and over the age of twenty-one his obligation to pay her college expenses terminated as a matter of law. Even assuming that Borum's obligation to continue paying Brydgette's college expenses did not terminate as a matter of law,[3] we conclude that the trial court's denial of Borum's petition to modify was improper because, under these facts, Brydgette's marriage created circumstances so substantial and continuing as to make the

---

1. At the August 5, 2005 hearing the parties and the trial court appeared to agree that the filing of the April 26, 2005 petition was not premature and that Brydgette's actual marriage did not necessitate the filing of the second June 13, 2005 petition.

2. Borum contends that the trial court both dismissed and denied his petition to modify. To clarify, the trial court denied Borum's April 26, 2005 motion after a hearing. The trial court then dismissed the similar motion filed by Borum on June 13, 2005. Borum

explained that the second motion was filed after Brydgette's wedding in the event that the denial of the earlier motion was based on the fact that Brydgette had not yet married.

3. The issue in this case is not whether Brydgette was emancipated. As ordered by the trial court, Brydgette was emancipated as of her twenty-first birthday on February 4, 2004, and Borum's child support obligation regarding Brydgette terminated at that time. *See* Ind.Code § 31–16–6–6. Borum argues that because Brydgette was married and over the

terms of the existing order for college expenses unreasonable.

■■■ When a trial court enters a general judgment, as is the case here, the judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence. *Helmuth v. Distance Learning Sys. Indiana, Inc.*, 837 N.E.2d 1085, 1089 (Ind.Ct.App.2005). "In making this determination, we neither reweigh the evidence nor judge the credibility of witnesses." *Id.* "Rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom." *Id.*

■■■ Generally:

Educational support orders must take into account the child's aptitude and ability; the child's reasonable ability to contribute to educational expenses through work, loans, and obtaining other sources of financial aid reasonably available to the child and each parent; and the ability of each parent to meet these expenses. The trial court's decision concerning financial contributions to college endeavors will be affirmed unless the decision is clearly against the logic and effect of the facts and circumstances which were before it. Although a parent is under no absolute legal duty to provide a college education for his children, a court may nevertheless order a parent to pay part or all of such costs when appropriate.

*Gilbert v. Gilbert*, 777 N.E.2d 785, 792–93 (Ind.Ct.App.2002) (citations omitted). When ordering the payment of education expenses, the trial court considers whether and to what extent the parents, if still married, would have contributed to the child's college expenses. *Claypool v. Claypool*, 712 N.E.2d 1104, 1109 (Ind.Ct.App. 1999), *trans. denied* (2000). "If the trial court determines that an order for college expenses is appropriate, the parents' contributions shall be roughly proportional to their respective incomes." *Id.*

■■■ Orders requiring the payment of college expenses are modifiable because college expenses are in the nature of child support. *Hay v. Hay*, 730 N.E.2d 787, 791–92 (Ind.Ct.App.2000). A modification may be made only upon a showing of changed circumstances so substantial and continuing as to make the current terms unreasonable. Ind.Code § 31–16–8–1(1).[4] "[A]ppellate courts give considerable deference to the findings of the trial court in family law matters, including findings of 'changed circumstances' within the meaning of Indiana Code section 31–16–8–1." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind.2005). Whether the standard of review is phrased as "abuse of discretion" or "clear error," the importance of first-person observation and avoiding disruption remain compelling reasons for deference. *Id.* at 940–41.

Borum argues that modification is required because, according to the May 17,

age of twenty-one, his continuing obligation to pay her college expenses terminated as a matter of law. We do not reach this question, however, because of our conclusion that Borum established a change in circumstances so substantial and continuing as to make the trial court's order regarding college expenses unreasonable.

4. Indiana Code Section 31–16–8–1(2), which provides that a modification may be made upon a showing that the amount of ordered child support differs 20% or more from what

would be required under the child support guidelines and that the challenged support order was issued at least twelve months before the petition to modify was filed, was not available to Borum as a basis for modification. First, the child support guidelines do not contain fixed calculations for the payment of college expenses from which a trial court's order could deviate by 20% or more. Moreover, the order Borum sought to modify was entered on May 17, 2004, and Borum petitioned to modify that order on April 26, 2005, less than twelve months later.

2004 order, he now is required to pay 92% of Manship's room, and board and because the trial court failed to account for Manship's income. At the hearing, Brydgette, Manship, and Borum testified. Because Brydgette receives scholarships and grants, Borum's portion of Brydgette's college expenses was less than $3000 per year. Borum's contribution, in large part, was applied to Brydgette's rent. Brydgette testified that she anticipated graduating in May 2006, after her fifth year with a double major in Special Education and Elementary Education. Brydgette intended to continue living in her current apartment with Manship after they married. Brydgette paid her car payment, her fuel, her car insurance, her health insurance, her clothing, and most of her food. Manship testified that he earned $14.93 per hour and worked forty hours per week. He stated that in 2004, he earned between $40,000 and $44,000.[5] Borum testified that in 2004, he earned $41,000.

▇▇▇ Although the trial court's decision not to terminate Borum's obligation to pay college expenses is entitled to much deference, we must conclude that the additional resources available to Brydgette after her marriage renders the prior college expenses order unreasonable. Under these circumstances, we find it unlikely that if Owens and Borum were still married, they would continue to pay Brydgette's rent after she married a man who made approximately the same amount of money as Borum. *See Claypool,* 712 N.E.2d at 1109.

Because of her husband's income, Brydgette's reasonable ability to contribute to her educational expenses has changed significantly. *See Gilbert,* 777 N.E.2d at 792. In a sense, Brydgette's marriage and the addition of Manship's income to her same household expenses "freed up" money that she was using toward these obligations. This money could be applied to her college expenses. *See Carmichael v. Siegel,* 754 N.E.2d 619, 631 (Ind.Ct.App.2001) (observing that in child support setting, "Mother's remarriage has in fact 'freed up' money for child support that was not previously available, and such payments may be imputed as income because they have reduced Mother's cost of living from what it was before remarriage.").

Given these limited facts, Borum has established a change in circumstances so substantial and continuing as to make the terms of the May 17, 2004 order unreasonable. *See* I.C. § 31–16–8–1(1). The trial court erroneously denied Borum's request to terminate his obligation to pay college expenses upon Brydgette's marriage to Manship.[6]

### Conclusion

Because Brydgette's marriage created a substantial change in circumstances that rendered Borum's college expense obligation unreasonable, the trial court erroneously denied Borum's petition to modify. We reverse.

Reversed.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

**5.** At the July 25, 2005 hearing, Owens's attorney argued that Manship had been laid off since June 1, 2005. However, no evidence was offered in support of this argument. *See Naggatz v. Beckwith,* 809 N.E.2d 899, 905 (Ind.Ct.App.2004) ("The assertions of counsel constituted mere argument, not evidence."), *trans. denied.*

**6.** Our decision does not effect the trial court's calculation of Borum's delinquency in the payment of her college expenses that accrued before her marriage.