**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PRISCILLA BEAULIEU PELGEN**
The Law Office of Priscilla Pelgen
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**STEVEN K. RAQUET**
**DERICK W. STEELE**
Kokomo, Indiana

FILED
May 08 2013, 9:33 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN A. SCHMIDT,                )
                                )
    Appellant-Petitioner,       )
                                )
        vs.              )    No. 34A02-1207-DR-579
                                )
KAREN ELAINE SCHMIDT DENTON,    )
                                )
    Appellee-Respondent.        )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-0007-DR-465

**May 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner John Schmidt ("Father") and Appellee-Respondent Karen Denton ("Mother") dissolved their marriage in 2000 after having two children, including Robert, who was born in 1992. The decree of dissolution provides, *inter alia*, that Father would be responsible for 100% of Robert's health insurance and that the parties would split any expenses related to post-secondary education. In 2011, Father petitioned the trial court to modify child support and post-secondary education expenses ("the Petition"), citing a decrease in his income and an alleged increase in Mother's. In March of 2012, while the Petition was still pending, the Indiana Governor signed a bill lowering the age of emancipation from twenty-one to nineteen, effective July 1, 2012.

After a hearing, the trial court granted Father a reduction in child support and retroactive abatement to May 17, 2012; denied Father's request to reapportion post-secondary education expenses; and ordered that Father continue to pay Robert's health insurance premiums. Father contends that the trial court erred in calculating the abatement of his child support obligation, in declining his request to reapportion post-secondary education expenses, and in ordering that he continue to pay for Robert's health insurance premiums. Concluding that the trial court erred in calculating Father's child support abatement, we affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Father and Mother's marriage, which produced two children, including Robert, born in October of 1992, was dissolved on September 16, 2000. *Inter alia*, the dissolution decree provides that Father and Mother have joint custody of the children, Father would provide the children health insurance, and Father and Mother would share

equally in costs related to post-secondary education. On July 16, 2001, upon the emancipation of Father and Mother's first child, Father's child support obligation for Robert was set at $83.00 per week. Robert matriculated at Purdue in the Autumn of 2011, with a double major in physics and mathematics.

On September 9, 2011, Father filed the Petition, alleging the following "substantial and continuing" changes in circumstances: "(1) The income of both parties has changed. (2) The parties [sic] child is pursuing his post-secondary education on a full-time basis and residing full-time on campus at Purdue University in Lafayette, Indiana." Appellant's App. p. 27. On March 9, 2012, the Governor signed Indiana Code section 31-16-6-6 into law, which lowered the age of emancipation to nineteen from twenty-one, effective July 1, 2012.[1] On May 17, 2012, Father filed an amended Petition, incorporating the lowering of the age of emancipation into his argument. On June 20, 2012, the trial court held a hearing on the Petition.

On July 3, 2012, the trial court issued an order that provided, in part, as follows:

**CHILD SUPPORT MODIFICATION**

1. The Court GRANTS the Petition to Modify Child Support.
2. Said modification shall be retroactive to the date of filing the Petition on May 17, 2012.
3. The parties agreed on July 13, 2001, that [Father] would pay $83.00/ week in child support.
4. Although the weekly earnings of each party have increased since their agreement, the percentages of their income have remained relatively the same. However, there has been a continuing and substantial change in the circumstances of the parties as a result of

_____

[1] Unless one of several conditions exists which do not apply in this case, "[t]he duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age[.]" Ind. Code § 31-16-6-6(a).

[Robert] leaving [Mother's] home and attending college. [Robert] resides with [Mother] only 17 weeks per year.

5. Since the filing of the Petition (May 17, 2012) through July 1, 2012, [Father] has paid $581.00 in child support.

6. At the agreed upon amount of $83.00/ week, [Father] would pay $1,411.00 over the 17 weeks [Robert] is living with [Mother]. If that amount is divided by 52 weeks per year, the weekly support obligation equals $27.00/ week.

7. [Father's] weekly child support modification is hereby MODIFIED to $27.00 per week retroactive to May 17, 2012.

8. As of July 1, 2012, [Father] has overpaid support in the amount of $392.00. [Father] shall receive a credit of $392.00 from his post-secondary education obligation at the beginning of the next academic year.

## EMANCIPATION

9. Pursuant to Indiana Code, [Robert] is emancipated as of July 1, 2012.

10. [Father's] obligation to pay weekly child support for [Robert] terminated on said date.

## POST-SECONDARY EDUCATIONAL EXPENSES

11. The Court DENIES [Father's] Petition to Modify Post-Secondary Educational Expenses.

12. The Parties entered into a Property Settlement Agreement on August 21, 2000 in which they agreed to pay 50% of the child's college expenses.

13. [Father] has failed to meet his burden and demonstrate a substantial and continuing change in circumstances in order to modify their previous agreement.

14. Each party shall pay 50% of post-secondary educational expenses as previously agreed. These expenses shall include the following:
    a. Tuition
    b. Room and Board
    c. Food
    d. Utilities
    e. Books
    f. Fees
    g. Medical Insurance (so long as [Robert] may be covered through [Father's] employment at minimal cost.

4

15.     Evidence indicates [Father] pays $13.96 per week for [Robert's] share of insurance premiums. This amount equates to $725.92 per year. Per the party's [sic] agreement to each pay 50% of educational expenses, each party is responsible for $392.96 of that amount. [Father] is ordered to continue to pay 100% of the weekly insurance premium for [Robert]. As a result, each year, [Father] shall be given a credit of $392.96 off his 50% portion of the total amount of post-secondary educational expenses.

Appellant's App. pp. 10-11.

## DISCUSSION AND DECISION

When, as here, the trial court enters findings of fact and conclusions thereon, we apply the following two-tiered standard of review: we determine whether the evidence supports the findings and the findings support the judgment. *Clark v. Crowe*, 778 N.E.2d 835, 839 (Ind. Ct. App. 2002). The trial court's findings of fact and conclusions thereon will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id.* at 839-40. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* at 840. This court neither reweighs the evidence nor assesses the credibility of witnesses, but considers only the evidence most favorable to the judgment. *Id.*

### I. Child Support Modification

#### A. Retroactivity

Father contends that the trial court should have ordered the modification in child support to have retroactive effect to September 9, 2011, or the date Father originally filed the Petition. Father argues that any child support payments made while Robert was

5

residing away from Mother's home attending Purdue were duplicative and he should now receive credit for them.

> "We place a 'strong emphasis on trial court discretion in determining child support obligations' and regularly acknowledge 'the principle that child support modifications will not be set aside unless they are clearly erroneous.'" *Lea v. Lea*, 691 N.E.2d 1214, 1217 (Ind. 1998) (quoting *Stultz v. Stultz*, 659 N.E.2d 125, 128 (Ind. 1995)). "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000), *reh'g denied.* We give due regard to the trial court's ability to assess the credibility of witnesses. *Id.* While we defer substantially to findings of fact, we do not do so to conclusions of law. *Id.* We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Yoon v. Yoon*, 711 N.E.2d 1265, 1268 (Ind.1999).

*Schacht v. Schacht*, 892 N.E.2d 1271, 1274-75 (Ind. Ct. App. 2008).

There is no dispute that Robert had already matriculated at Purdue by the time Father filed the Petition or that Father was paying his share of Robert's college expenses. Indiana Code section 31-16-6-2(b) provides that "[i]f the court orders support for a child's educational expenses at a postsecondary educational institution under subsection (a), the court *shall* reduce other child support for that child that … is duplicated by the educational support order[.]" (Emphasis added). Moreover, Indiana Child Support Guideline 8(b) recognizes that "[t]he impact of an award of post-secondary educational expenses is substantial upon the custodial and non-custodial parent and a reduction of the Basic Child Support Obligation attributable to the child in question will be required when the child resides on campus or otherwise is not with the custodial parent."

Father argues that any and all child support payments made for Robert while he was away at Purdue were duplicative and that he should receive credit for all of those payments. Mother does not dispute that the child support payments were duplicative, and there is no indication in the record that the child support covered any expense not already covered by Father's payments of college expenses. We therefore agree with Father that the trial court erred and should have ordered his child support abatement retroactive to September 9, 2011.

### B. Calculation of Amount of Time Robert Lived with Mother

Father contends that the trial court erroneously calculated the amount of time for which he would be liable to pay child support for Robert at seventeen weeks per year. Father contends on appeal that the trial court erroneously included Purdue's 2011-12 Christmas break, 2012 Spring break, and time after July 1, 2012 (the date of Robert's emancipation), in its calculation. Father contends that the actual amount should be eight weeks, and that his weekly obligation should be further abated to reflect that amount of time. Father points to no evidence in the record that Robert did not, in fact, spend Christmas and Spring break at home with Mother, and, in any event, did not advance this specific argument in the trial court.

We nonetheless conclude that the trial court erred in concluding that Father would be liable for seventeen weeks of child support. The record indicates that Robert resided with Mother full-time until August of 2011, when he matriculated at Purdue. The record clearly indicates that the trial court was only considering events following that matriculation, so in order to reach a figure of seventeen weeks the following year, the

7

trial court would have had to include time from July 1 to August 20, 2012, or seven weeks and a day, time it should not have included. The seventeen-week obligation is therefore erroneous, and we now conclude that Father's child support obligation for the relevant time period should be reduced by seven weeks[2] to ten weeks.

### C. Recalculation of Abatement and Child Support Obligation

It is approximately forty-two weeks from September 9, 2011, to July 1, 2012, which means that father paid $3486.00 in child support from the filing of the Petition to July 1. Father's recalculated child support obligation for that time period is $83.00 × 10 weeks divided by 52 weeks, or $16.00 per week.[3] Father's child support obligation for the forty-two week period was therefore $672.00, which means that Father overpaid $2814.00 for child support, not $392.00 as the trial court found. We remand with instructions to award Father a total credit of $2814.00 against his obligation for Robert's college expenses, or an additional credit of $2422.00 if the original $392.00 has already been credited.

### III. Robert's College Expenses

Father argues that the trial court erred in declining his request to decrease his obligations with regard to Robert's college expenses. "[W]hen the apportionment of college expenses is at issue, the clearly erroneous standard articulated in [*In the Matter of Paternity of Humphrey*, 583 N.E.2d 133 (Ind. 1991)] governs appellate review." *Carr v.*

---

[2] We recognize that the week figures used in this decision are approximate. Because the parties do not fret over fractions of weeks, neither will we.

[3] This actually comes to $15.96. As with fractions of weeks, because the parties do not fret over pennies, neither will we.

*Carr*, 600 N.E.2d 943, 945 (Ind. 1992). "[W]e will affirm the trial court unless the decision is clearly against the logic and effect of the facts and circumstances which were before it." *Id*. (citing *Humphrey*, 583 N.E.2d at 134). "Although a parent is under absolutely no legal duty to provide a college education for his children, a court may nevertheless order a parent to pay part or all of such costs when appropriate." *Gilbert v. Gilbert*, 777 N.E.2d 785, 793 (Ind. Ct. App. 2002). Indiana Code section 31-16-6-2(a) provides, in relevant part, that "[t]he child support order or an educational support order may also include, where appropriate[,] amounts for the child's education in elementary and secondary schools and at institutions of higher learning, taking into account[] the child's aptitude and ability[.]"

Father contends that a somewhat recent decrease in his salary represents a changed circumstance so substantial and continuing as to justify a reapportionment of Robert's college expenses. Indiana Code section 31-16-8-1 provides, in part, that

> (a) Provisions of an order with respect to child support or an order for maintenance (ordered under IC 31-16-7-1 or IC 31-1-11.5-9(c) before their repeal) may be modified or revoked.
> (b) … modification may be made only:
> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable[.]

Father points to evidence that he was laid off for a time in 2008 before being hired back at a lower wage. The record contains evidence, however, that, despite any recent decrease in pay, Father's and Mother's incomes are currently almost identical, with Father testifying that his income for 2011 was $43,900 and Mother that hers was $43,290.11, a 50.35% to 49.65% split. In 2000, when Father and Mother agreed to split

any future college expenses equally, their weekly incomes were $577.00 and $596.00 respectively, a 49.19% to 50.81% split. Indeed, Father's and Mother's incomes are even closer now than they were in 2000. Father has failed to establish changed circumstances so substantial and continuing as to render the equal apportionment of Robert's college expenses unreasonable.

## IV. Robert's Health Insurance Premiums

Finally, Father contends that the trial court erred in ordering that he pay for Robert's health insurance "indefinitely." Appellant's Br. p. 21. The health insurance requirement, however, is specifically listed in the trial court's order as a "post-secondary education expense," which clearly obligates Father to pay for insurance only so long as Robert is in college. The trial court did not err in ordering Father to pay for Robert's health insurance.

## CONCLUSION

We reverse the trial court to the extent that it failed to make Father's child support modification retroactive to the filing of the Petition and concluded that father would be responsible for seventeen weeks of child support. Consequently, we remand with instructions to credit a total of $2814.00 against Father's college expense obligation. In all other respects, we affirm the trial court.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

RILEY, J., and BROWN, J., concur.